IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CARISSA SULLINGER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) 2:22-cv-731-NR |
| v. | ) |
| | ) |
| SOUTH ALLEGHENY SCHOOL DISTRICT, COLE MCLAUGHLIN, LISA DUVAL AND HAL MINFORD, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

Defendant Cole McLaughlin – the former teacher who pled guilty to Institutional Sexual Assault and Endangering the Welfare of Children – moves to dismiss this ensuing civil suit by his alleged victim. Ms. Sullinger sued Mr. McLaughlin for deprivation of rights under 42 U.S.C. § 1983; negligence; intentional infliction of emotional distress; assault; and battery. ECF 1. Mr. McLaughlin argues that Ms. Sullinger did not serve the complaint on him properly, and so the complaint must be dismissed and cannot be re-filed within the statute of limitations. ECF 17. Ms. Sullinger filed her complaint on May 17, 2022, but she served Mr. McLaughlin on September 9, 2022, about three weeks after Federal Rule of Civil Procedure 4(m)'s 90-day deadline for service had expired. She did not seek an extension before the deadline passed. Ms. Sullinger asks the Court now to exercise its discretion to grant an extension of time for service. ECF 24. After carefully considering the parties' arguments and applicable law, the Court agrees with Ms. Sullinger that a discretionary extension is appropriate here.

A Court must extend the time for service "if the plaintiff shows good cause for the failure." Fed. R. Civ. P. 4(m). But even if good cause is not present, the Court still has discretion to grant an extension. *Petrucelli v. Bohringer & Ratzinger*, 46

F.3d 1298, 1305 (3d Cir. 1995). In exercising that discretion, the Court may consider various factors, such as "if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service[.]" *Id.* at 1305-06. Other factors to consider include "actual notice of the legal action; prejudice to the defendant…the conduct of the defendant; and whether the plaintiff is represented by counsel, in addition to any other factor that may be relevant[.]" *Chiang v. U.S. Small Bus. Admin.*, 331 F. App'x 113, 116 (3d Cir. 2009).

Here, considering these factors as a whole, the Court finds that an extension is appropriate.

**Conduct of Defendant/Counsel.** Ms. Sullinger explains that the main reason for her delay was uncertainty about Mr. McLaughlin's legal representation. That is, she did not have a definitive answer regarding whether South Allegheny School District's counsel – who also represent the other named defendants – would be representing Mr. McLaughlin as well. ECF 24, pp. 2-3 ("It wasn't until August 4, 2022 that Ms. Sullinger's Counsel were informed that McLaughlin would not be represented by the South Allegheny School District or their myriad of insurers."). In light of these conversations, as represented by counsel to the Court, the Court finds that this belief was not unreasonable.

**Actual Notice.** Mr. McLaughlin likely had actual notice of the lawsuit. For example, Ms. Sullinger's suit received substantive coverage in the Pittsburgh Post-Gazette – one of the city's main newspapers. That news article was published the very day Ms. Sullinger filed her claim. https://www.post-gazette.com/news/crime-courts/2022/05/17/south-allegheny-lawsuit-teacher-cole-mclaughlin-assault-school-district-hal-minford-lisa-duval-negligence/stories/202205170091. Mr. McLaughlin was specifically named, as the core of Ms. Sullinger's complaint stems from his actions. Thus, there is a reasonable possibility that Mr. McLaughlin had actual notice of the lawsuit shortly after it was filed.

**Evading Service.** In light of the case's publicity and serious allegations, there is a possibility that Mr. McLaughlin was avoiding service. This is evidenced by the fact that the process server made multiple attempts to serve him at home, but he ultimately had to be served at work. ECF 24-4, p. 2.

**Statute of Limitations.** The statute of limitations, which expired on May 20, 2022, favors Ms. Sullinger. "[T]he running of the statute of limitations does not require the district court to extend time for service of process." *Petrucelli*, 46 F.3d at 1306. But Mr. McLaughlin – as the civilly alleged and criminally adjudged abuser – is the key defendant in this case. Ms. Sullinger's case is already proceeding as to the school district and other named defendants. Those defendants in turn have filed cross-claims against Mr. McLaughlin, ECF 20, and Mr. McLaughlin has answered them, ECF 26. Because of the potential time bar, granting Mr. McLaughlin's motion would unravel this complex matter on a harmless service delay.

**Prejudice.** Finally, Mr. McLaughlin will not be prejudiced by Ms. Sullinger's slight service delay. He argues that the "passage of time" prejudices him as students and staff change over and memories fade. ECF 25, pp. 3-4. But a three-week delay in receiving service does not meaningfully magnify this problem. So that factor does not tip the scales in his favor.

All of these factors, taken together, weigh toward extending Ms. Sullinger's deadline, *nunc pro tunc*, so that Mr. McLaughlin may be deemed to have been properly served on September 9, 2022. His motion to dismiss is therefore **DENIED**, and he shall submit an answer to Ms. Sullinger's complaint within three weeks of this order so that the entire case may proceed.

DATE: January 10, 2023                                    BY THE COURT:

/s/ *J. Nicholas Ranjan*
United States District Judge